[643 NYS2d 603]

In the Matter of VAL A. HENRY (Admitted as VAL ARTURO HENRY), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, May 28, 1996

## APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(Richard Lombardo* of counsel), for petitioner.

*Jerome Karp,* Brooklyn *(Mitchell K. Friedman* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent was charged with 19 allegations of professional misconduct. The Special Referee sustained all 19 charges. The Grievance Committee moves to confirm the report of the Special Referee and to impose such discipline as the Court deems just and proper. The respondent has submitted an affirmation in response, asking the Court to impose appropriate discipline in light of the mitigating circumstances offered.

The first eight charges allege that the respondent converted to his own use funds entrusted to him as a fiduciary.

Charge One alleged that on or about May 26, 1994, the respondent deposited $21,000 into his escrow account with Fleet Bank. He was required to hold $14,000 in trust as fiduciary on behalf of his client, Interfaith Medical Center, between May 26, 1994 and April 1995. On or about July 15, 1994, the balance of the respondent's escrow account was depleted to $135.88.

By reason of the foregoing, the respondent violated Code of Professional Responsibility DR 9-102 (B) (22 NYCRR 1200.46 [b]).

Charge Two alleged that on or about June 10, 1994, the respondent deposited an additional $4,000 into his escrow account. $2,666.66 was to be held in trust as a fiduciary on behalf of the client, Interfaith Medical Center. Between June 10, 1994 and April 1995, the respondent was required to maintain an additional $2,666.66 in his escrow account on behalf of Interfaith Medical Center. On or about July 15, 1994, the balance of the respondent's escrow account was depleted to $135.88.

By reason of the foregoing, the respondent violated Code of Professional Responsibility DR 9-102 (B) (22 NYCRR 1200.46 [b]).

Charge Three alleged that on or about June 30, 1994, the respondent deposited $3,463.69 into his escrow account to hold in trust as a fiduciary in his capacity as receiver. Between June

30 and August 30, 1994, the respondent was required to maintain at least $3,463.69 in his escrow account in his capacity as receiver. On or about July 15, 1994, the balance of the respondent's escrow account was depleted to $135.88.

By reason of the foregoing, the respondent violated Code of Professional Responsibility DR 9-102 (B) (22 NYCRR 1200.46 [b]).

Charge Four alleged that prior to May 1994, the respondent deposited $11,600 into his escrow account to hold in trust as a fiduciary in his capacity as referee. Between May 1994 and July 12, 1994, the respondent was required to maintain at least $11,600 in his escrow account in his capacity as referee. On or about May 9, 1994, the balance of the respondent's escrow account was depleted to $249.01.

By reason of the foregoing, the respondent violated Code of Professional Responsibility DR 9-102 (B) (22 NYCRR 1200.46 [b]).

Charge Five alleged that on or about August 5, 1994, the respondent deposited $14,017.92 into his escrow account to hold in trust as a fiduciary on behalf of the estate of Geraldine Taylor. Between August 5 and December 2, 1994, the respondent was required to maintain at least $14,017.92 in his escrow account on behalf of the Taylor estate. On or about October 14, 1994, the balance of the respondent's escrow account was depleted to $191.17.

By reason of the foregoing, the respondent violated Code of Professional Responsibility DR 9-102 (B) (22 NYCRR 1200.46 [b]).

Charge Six alleged that prior to May 1994, the respondent deposited $2,160 into his escrow account to hold in trust as a fiduciary on behalf of his client, Ruby Weston. Between May 1994 and June 24, 1994, the respondent was required to maintain at least $2,160 in his escrow account on behalf of Ruby Weston. On or about May 9, 1994, the balance of the respondent's escrow account was depleted to $249.01.

By reason of the foregoing, the respondent violated Code of Professional Responsibility DR 9-102 (B) (22 NYCRR 1200.46 [b]).

Charge Seven alleged that prior to May 1994, the respondent deposited $1,100 into his escrow account to hold in trust as a fiduciary on behalf of his client, Patricia Hodge. Between May 1994 and September 22, 1994, the respondent was required to maintain at least $1,100 in his escrow account on behalf of Ms.

Hodge. On or about July 15, 1994, the balance of the respondent's escrow account was depleted to $135.88.

By reason of the foregoing, the respondent violated Code of Professional Responsibility DR 9-102 (B) (22 NYCRR 1200.46 [b]).

Charge Eight alleged that on or about September 29, 1994, the respondent deposited $950 into his escrow account. Of that sum, he was to hold $900 in trust as a fiduciary on behalf of his client, Eugene Mills. As of October 14, 1994, the respondent had not disbursed any of the $900 on behalf of Mr. Mills. The balance of his escrow account at that time was, nevertheless, depleted to $191.17.

By reason of the foregoing, the respondent violated Code of Professional Responsibility DR 9-102 (B) (22 NYCRR 1200.46 [b]).

Charge Nine alleged that the respondent has engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, by reason of the foregoing allegations, in violation of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]).

Charge Ten alleged that the respondent commingled personal funds with moneys entrusted to him as a fiduciary, incident to his practice of law.

Between May 1994 and November 1994, the respondent maintained an escrow account with Fleet Bank. During that period, he deposited into that account moneys entrusted to him as a fiduciary, incident to his practice of law. During this period, the respondent's escrow account also contained large amounts of his personal funds.

By reason of the foregoing, the respondent violated Code of Professional Responsibility DR 9-102 (A) (22 NYCRR 1200.46 [a]).

Charge Eleven alleged that the respondent engaged in conduct that is prejudicial to the administration of justice.

By letter, dated November 10, 1994, the respondent was advised that the Grievance Committee had commenced a *sua sponte* investigation based upon a notification that a check drawn on the respondent's escrow account had been returned for insufficient funds. The respondent was requested to submit to the Grievance Committee a written explanation of the circumstances which caused the check to be dishonored. On or about November 29, 1994, the respondent submitted a written answer to the *sua sponte* investigation, dated November 23,

1994. The respondent's answer contained deliberate misstatements by the respondent. The answer included an affidavit of Carmel Reveil, dated November 23, 1994, which the respondent prepared and asked Mr. Reveil to sign and swear to. The affidavit contained statements which the respondent knew to be false.

During the course of the *sua sponte* investigation, Grievance Counsel interviewed the respondent over the telephone. During those interviews, the respondent made statements to the Grievance Committee which he knew to be false.

By reason of the foregoing, the respondent violated Code of Professional Responsibility DR 1-102 (A) (5) (22 NYCRR 1200.3 [a] [5]).

Charge Twelve alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation by reason of the allegations set forth in Charge Eleven. The respondent thereby violated Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]).

Charge Thirteen alleged that the respondent knowingly used perjured testimony or false evidence in violation of Code of Professional Responsibility DR 7-102 (A) (4) (22 NYCRR 1200.33 [a] [4]).

Charge Fourteen alleged that the respondent failed to maintain a record of all deposits in and withdrawals from his escrow account.

Between May 1994 and November 1994, the respondent maintained an escrow account with Fleet Bank in which he made deposits in and withdrawals from his escrow account. The respondent failed to record all of those deposits and withdrawals in an escrow account ledger.

By reason of the foregoing, the respondent violated Code of Professional Responsibility DR 9-102 (D) (1) (22 NYCRR 1200.46 [d] [1]).

Charge Fifteen alleged that the respondent improperly issued checks from his escrow account payable to cash.

Between May 1994 and November 1994, the respondent issued escrow account checks payable to cash in violation of Code of Professional Responsibility DR 9-102 (E) (22 NYCRR 1200.46 [e]).

Charge Sixteen alleged that the respondent failed to provide the Grievance Committee with records pertaining to his escrow account.

By letter, dated November 10, 1994, the respondent was directed to submit to the Grievance Committee required book-

keeping records pertaining to his escrow account, including all deposit slips, for the preceding six months. The respondent failed to provide the petitioner with seven deposit receipts for that period.

By reason of the foregoing, the respondent violated Code of Professional Responsibility DR 9-102 (H) (22 NYCRR 1200.46 [h]).

Charge Seventeen alleged that the respondent neglected a legal matter entrusted to him.

In or about November 1991, Carlos Derby retained the respondent to recover losses suffered as a result of an incorrect deed conveying real property to him. The respondent commenced a lawsuit on Mr. Derby's behalf, in or about October 1992, against Commonwealth Land Title Insurance Company and others. Although the respondent received Commonwealth's requests for discovery in or about February 1993, the respondent failed to reply.

In or about April 1993, Commonwealth moved to compel the respondent to comply with the discovery requests. The respondent failed to respond to the motion. The court issued an order directing the respondent to comply with Commonwealth's discovery demands within 30 days. The respondent failed to do so.

In or about June 1993, Commonwealth moved to dismiss the complaint based upon the respondent's failure to comply with the court's order. The respondent failed to submit any papers in opposition. As a result of the respondent's neglect, the court granted Commonwealth's motion and dismissed Mr. Derby's lawsuit in or about June 1993.

By reason of the foregoing, the respondent violated Code of Professional Responsibility DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3]).

Charge Eighteen alleged that the respondent failed to reduce a contingency fee agreement to writing in connection with his retainer by Mr. Derby (Charge Seventeen).

The respondent and Mr. Derby agreed that the respondent's fee would be one third of any recovery, less a $1,000 retainer. The respondent failed to reduce this fee agreement to writing in violation of Code of Professional Responsibility DR 2-106 (D) (22 NYCRR 1200.11 [d]).

Charge Nineteen alleged that the respondent engaged in conduct that adversely reflects upon his fitness to practice law based on the allegations set forth in Charges One through Eighteen.

By reason of the foregoing, the respondent violated Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

Based on the respondent's admissions and the evidence adduced, the Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, we have taken into consideration the respondent's assertion that his aberrant conduct was not the product of venality or avarice and his portrayal of himself as an individual who, through sheer force of will, overcame a series of obstacles, such as drug and alcohol abuse, to achieve his goals. The respondent has listed an impressive array of community and civic activities. Notwithstanding the significant factors offered by the respondent in mitigation of his misconduct, he is guilty of multiple acts of conversion and of thereafter making misrepresentations to the Grievance Committee in an attempt to avoid the consequences of his misconduct. Under the circumstances, the respondent is disbarred.

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and RITTER, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Val A. Henry, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see, 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Val A. Henry is commanded to continue to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.